UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RACHEL HYATT, on behalf of herself
and others similarly situated

      Plaintiff,

v.                                             Case No: 2:14-cv-486-FtM-29CM

SENIORBRIDGE FAMILY
COMPANIES (FL), INC.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice ("Motion") (Doc. 21), filed on February 12, 2015. The Court initially took the Motion under advisement and directed Plaintiff to file a copy of the parties' settlement agreement. Doc. 22. On February 18, 2015, Plaintiff filed a Notice of Filing Settlement Agreement and attached the agreement for the Court's review. Doc. 23. For the reasons set forth herein, the Court recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation. A failure to file timely objections waives a party's right to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02(a).

compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Rachel Hyatt brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs arising out of her employment as a Certified Nurse Assistant with Defendant.  Doc. 1.  Plaintiff claimed that she is owed approximately $3,043.88 in overtime wages, plus liquidated damages, attorney's fees and costs.  Doc. 18-1 at 1.

Defendant has agreed to pay Plaintiff $2,250.00 for back wages and the same amount for liquidated damages, for a total amount of $4,500.00. Doc. 21 at 3; Doc. 23-1 at 3. Defendant also has agreed to pay $5,000.00 for Plaintiff's attorney's fees and costs, which the parties represent were negotiated separately so as not to affect Plaintiff's recovery. Doc. 21 at 3, 3-4; Doc. 23-1 at 3. Defendant therefore has agreed to pay and Plaintiff has agreed to accept a compromised amount of the disputed overtime claims. Although Defendant does not admit liability, the parties state that the settlement amount is fair and reasonable given Plaintiff's likelihood of success on the merits and Defendant's costs of defending this matter, and that the amount was reached "after considerable negotiation by the attorneys" for the parties. Doc. 21 at 3.

> Pursuant to *Bonetti v. Embarq Management Company*:
>
> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable.

Thus, the Court, having reviewed the terms of the settlement as set forth in the Settlement Agreement (Doc. 23-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 21) be **GRANTED** and the settlement be **APPROVED**; and

2. That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 20th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record